

**IT IS ORDERED as set forth below:**

**Date: December 5, 2017**

_Paul Baisier_ (signature)

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | CASE NO. **16-70629-PMB** |
| **MARGARET BLACKMAN**, : | |
| : | CHAPTER 7 |
| Debtor. : | |
| : | |
| **MARGARET BLACKMAN**, : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | |
| **CHALLENGE FINANCIAL INVESTORS CORP.,** : | |
| **SAXON MORTGAGE D/B/A SAXON MORTGAGE** : | |
| **SERVICES, SAXON FUNDING MANAGEMENT,** : | |
| **INC., SAXON ASSET SECURITIES COMPANY,** : | |
| **DEUTSCHE BANK TRUST COMPANY AMERICAS** : | |
| **AS TRUSTEE FOR SECURITIZED TRUST SAXON** : | ADVERSARY |
| **ASSET SECURITIES 2005-1 TRUST, SAXON** : | PROCEEDING |
| **FUNDING MANAGEMENT, INC., MORTGAGE** : | NO. **17-5185** |
| **ELECTRONIC REGISTRATION SYSTEM,** : | |
| **("MERS"), OCWEN FINANCIAL CORP. D/B/A** : | |
| **OCWEN LOAN SERVICING, ALDRIDGE PITE LLP** : | |
| **AND DOES 1 THROUGH 100 INCLUSIVE,** *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER GRANTING MOTION TO DISMISS

This adversary proceeding comes before the Court on a motion to dismiss, styled as *Ocwen Loan Servicing, LLC, Sued Herein as Ocwen Financial Corp., D/B/A Ocwen Loan Servicing, Deutsche Bank Trust Company Americas as Indenture Trustee for the Registered Holders of Saxon Asset Securities Trust 2005-1 Mortgage Loan Asset Backed Notes, Series 2005-1* ("Deutsche Bank") *and Mortgage Electronic Registration Systems's* ("MERS") (collectively, the "Movants") *Amended Motion to Dismiss for Lack of Standing, Lack of Subject Matter Jurisdiction, Abstention, and Failure to State a Claim Upon Which Relief Can be Granted,* filed on August 23, 2017 (Docket No. 11)(the "Motion to Dismiss"), along with a Request for Judicial Notice filed by Aldridge Pite, LLP (Docket No. 10). The Motion to Dismiss seeks dismissal of the complaint of Plaintiff-Debtor (the "Debtor") that commenced the above-styled adversary proceeding (Docket No. 1)(the "Complaint").

In the Motion to Dismiss, Movants assert that the Complaint should be dismissed: (1) under the principles of judicial estoppel on the grounds that the Debtor failed list any of her causes of action asserted in the Complaint in her bankruptcy schedules;[1] (2) on the grounds that the Debtor lacks standing to prosecute her claims against the Movants because the Chapter 7 Trustee (the "Trustee") has not abandoned or administered the claims asserted in this Adversary Proceeding pursuant to 11 U.S.C. § 554, and those claims have not otherwise been claimed as

---

[1] This asserted basis to dismiss this case appears to be factually inaccurate, and this Order does not rely on this argument in dismissing this case. More specifically, both the Debtor's original Schedule A/B filed with the petition in her main bankruptcy case (Main Bankruptcy Case, Docket No. 1) and the Amended Schedule A/B filed on September 26, 2017 ( Main Bankruptcy Case, Docket No. 55) list a claim for "Lawsuit or wrongful foreclosure" in the amount of two million dollars ($2,000,000). That claim appears to be the claims asserted here.

2

exempt under 11 U.S.C. § 522;[2] (3) under Federal Rule of Civil Procedure 12(b)(1), applicable herein and incorporated through Federal Rule of Bankruptcy Procedure 7012(b), because this Court lacks subject matter jurisdiction to decide the claims and provide the remedies sought by the Debtor herein[3]; or, in the alternative, (4) under Section 1334(c)(1) of Title 28 of the United States Code because this Court should exercise discretionary abstention with regard to Debtor's claims against the Movants; and lastly, (5) under Federal Rule of Civil Procedure 12(b)(6), applicable herein and incorporated through Federal Rule of Bankruptcy Procedure 7012(b), on grounds that the Debtor failed to state any claims upon which relief can be granted due to pleading deficiencies under Federal Rule of Civil Procedure 8(a), made applicable herein by Federal Rule of Bankruptcy Procedure 7008.

The Debtor filed, *pro se*, an *Answer in Opposition to Motion to Dismiss Claim, Complaint Motion to Strike* on September 13, 2017 (Docket No. 18)(the "Response"), in which she, *inter alia*, repeats certain allegations related to Deutsche Bank's authority to foreclose on real property located at 199 Antebellum Way, Riverdale, Georgia 30274 (the "Property") and the Movants' engagement in allegedly fraudulent activities, asserts that the Complaint is sufficiently pled

---

[2] This asserted basis to dismiss this case appears to be factually inaccurate, and this Order does not rely on this argument in dismissing this case. More specifically, on the Debtor's Schedule C, filed on November 16, 2016 (Docket No. 1), the Debtor claims an exemption in the amount of five thousand six hundred dollars ($5,600) pursuant to O.C.G.A. § 44-13-100(a)(1) in "Claims Against Third Parties," valued at two million dollars ($2,000,000). Further, the Trustee entered a Report of No Distribution (the "No Distribution Report") on May 1, 2017 stating that the Debtor's bankruptcy estate had been fully administered.

[3] The Court has subject matter jurisdiction over the instant proceeding under its "related to" jurisdiction (28 U.S.C. § 1334(b)), determined as of the date the complaint herein was filed (see Rosa v. Resolution Trust Corp., 938 F.2d 383, 392 n.12 (3rd Cir. 1991)), since these claims were property of the estate at that time. Hence, the Motion to Dismiss is not granted on the basis that the Court lacks subject matter jurisdiction. The fact that the claims were later abandoned and are no longer property of the estate does, however, play a part in the Court's determination to abstain. See pp. 6-7, *infra*.

pursuant to Rule 12(b)(6), and requests this Court order the Movants to execute a release and cancellation of "the Security Deed" and return "her Promissory Note." (<u>Response</u> at 39).[4] For the reasons set forth herein, the Motion to Dismiss is granted.

## BACKGROUND

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on November 16, 2016. Eight (8) months later, she initiated this adversary proceeding on July 19, 2017 by filing the Complaint. In the Complaint, the Debtor appears to challenge, *inter alia*, the foreclosure on the Property[5] by Deutsche Bank, which according to the Complaint occurred on June 7, 2016, prior to the filing of her bankruptcy case. The Complaint also sets forth various claims against the Movants, including: (1) fraud in the concealment, (2) fraud in the inducement, (3) unconscionable contract, (4) breach of contract, (5) breach of fiduciary duty, (6) quiet title, (7) slander of title, (8) temporary restraining order and injunctive relief, and (9) declaratory relief.[6]

Upon review of the Complaint, the Motion to Dismiss, the Response, and the other documents filed by the Debtor in response to the Motion to Dismiss, the pertinent facts appear to be as follows. On November 22, 2004, the Debtor obtained a loan in the amount of $116,100

---

[4] After the filing of the Motion to Dismiss, the Debtor filed an Affidavit of None Response and Notice of Failure to Respond and Rebutt to Filings, Motions and Exhibits (Docket No. 25);and an Affidavit Notice and Acceptance of Oath of Office (Docket No. 31). These pleadings have been considered as part of the Debtor's Response.

[5] The Court granted Deutsche Bank's *Motion for Relief from the Automatic Stay* (the "<u>Motion for Relief</u>") (Main Bankruptcy Case, Docket No. 36) regarding the Property in the underlying bankruptcy case, Case No. 16-70629, on July 17, 2017 (Main Bankruptcy Case, Docket No. 46). In the Motion for Relief, Deutsche Bank stated that it foreclosed on the Property on June 7, 2016, and sought stay relief only to dispossess the Debtor from the foreclosed Property. The Debtor subsequently filed a *Motion to Set Aside Order* (the "<u>Motion to Set Aside</u>") in the Adversary Proceeding (Docket No. 12) stating that the Order on the Motion for Relief was entered in error and requesting that it be set aside. The Motion to Set Aside is denied as moot by an order entered contemporaneously with this order.

[6] The Debtor had also filed similar proceedings in her main bankruptcy case that were dismissed as duplicative of the claims asserted in this Adversary Proceeding (Main Bankruptcy Case, Docket No. 53). That Order was expressly entered without prejudice to Debtor's claims asserted herein.

evidenced by a promissory note (the "Note") payable to Challenge Financial Investors Corporation ("Challenge Financial Investors"). The Note was secured by a security deed (the "Security Deed") to MERS as nominee for Challenge Financial Investors on the Property. The Security Deed was later assigned from MERS to Deutsche Bank by assignment of the deed to secure debt on April 16, 2010. On June 7, 2016, the Property was foreclosed upon, and Deutsche Bank was the successful bidder. A Deed Under Power of Sale was subsequently executed conveying the Property to Deutsche Bank. Nearly five (5) months later, on November 16, 2016, the Debtor filed the instant bankruptcy case.[7]

Based upon a review of the pleadings filed in this Adversary Proceeding and the related bankruptcy case, and the cited authority, the Court finds it appropriate to abstain from adjudicating the claims asserted herein. Moreover, to the extent the Court did not exercise abstention, the Court would still find that the Complaint fails to state a claim upon which relief could be granted.

## DISCUSSION

### A. The Court Abstains from Adjudicating the Debtor's Claims

The Court finds it appropriate to abstain pursuant to 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides:

> "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

There are fourteen (14) factors courts consider for "discretionary" or "permissive" abstention

---

[7] The Debtor has filed three (3) prior bankruptcy cases, all of which were dismissed. The first prior case was filed on May 5, 2009 under Chapter 13 of the Bankruptcy Code and was dismissed on June 30, 2009 (In re Blackman, Case No. 09-71828-MHM). The second prior case was filed on April 6, 2010, again under Chapter 13 of the Bankruptcy Code, and was dismissed on October 6, 2010 (In re Blackman, Case No. 10-70421-MHM). The third prior case was filed on September 7, 2016, again under Chapter 13 of the Bankruptcy Code, and was dismissed on October 20, 2016 (In re Blackman, Case No. 16-65830-PMB).

5

under § 1334(c)(1), including: "(1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; (14) the possibility of prejudice to other parties in the action." Flyboy Aviation Props., LLC v. Franck (In re Flyboy Aviation Props., LLC), 2013 WL 2317628, at *2 (Bankr. N.D. Ga. May 21, 2013). Although no single factor is determinative, courts have discretion in determining the relative weight afforded to each factor. Id.

In light of these factors, the Court finds that abstention is warranted. Not only are there several factors present here that weigh heavily in favor of abstention (specifically, factors 1, 2, 5, 6, 7, 8, 9, 10, 12, and 13), there are no factors that strongly favor adjudicating the Debtor's claims in this Court. With respect to the first factor, abstention will have no effect on the efficient administration of the bankruptcy estate. The Property at issue was never property of the bankruptcy estate, and the Trustee has abandoned the claims to the Debtor. Moreover, the Debtor has received a discharge, the Trustee has determined that the estate is fully administered, and the

case has been closed. Hence, resolution of the claims will have no bearing on the underlying bankruptcy case.

The second factor also weighs heavily in favor of abstention. Here, all of the Debtor's claims are grounded in state law and none appear to present bankruptcy law issues.[8] As to the fifth factor, there is no arguable alternative basis for bankruptcy jurisdiction other than 28 U.S.C. § 1334. Sixth, the Debtor's claims are remote and bear no relation to her bankruptcy case, as they all relate to the foreclosure of property that was never part of the bankruptcy estate. Seventh, this is not a core proceeding. Not only are the Debtor's claims not included on the list of core proceedings set forth in 28 U.S.C. § 157(b)(2), but the claims "existed prior to the filing of the bankruptcy case" and "would continue to exist independent of the provisions of Title 11" such that "neither the rights nor obligations of the parties would be significantly affected as a result of the filing of the bankruptcy case." In re Queen, 2013 WL 6116864, at *3 (Bankr. N.D. Ga. Nov. 18, 2013) (quoting Duncan v. Deutsche Nat. Bank Trust Co., 2012 WL 4322667, at *3 (N.D. Ohio Sept. 20, 2012)) (internal quotations omitted). Eighth, no difficulty is presented in analyzing the severability of state law claims from bankruptcy matters because all of the claims presented are grounded in state law.

As to the ninth factor, hearing these claims would place an unnecessary burden on the Court because the resolution of the claims will have no effect on the bankruptcy case. Tenth, there exists evidence that the Debtor engaged in forum shopping. According to the Debtor, these claims first

---

[8] The Debtor's claims against the Movants are as follows: (1) lack of standing to foreclose and wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) unconscionable contract; (5) breach of contract; (6) breach of fiduciary duty; (7) quiet title; (8) slander of title; (9) temporary restraining order and injunctive relief; and (10) declaratory relief.

7

came to light in June of 2016 when the Property was foreclosed. However, the Debtor waited until July 19, 2017 to file litigation, more than one (1) year after the foreclosure and nearly four (4) months after the petition was filed. Thus, it appears the Debtor's claims could have been brought in state court at any time prior to filing the bankruptcy, even as early as June 2016. With regard to the twelfth factor, none of the Movants are scheduled as parties in the main bankruptcy case. Finally, abstaining from proceeding over the Debtor's predominantly state law claims cuts in favor of "[c]omity for the state courts and the general principle that cases arising under state law should generally be tried in the state court . . . " In re United Container LLC, 284 B.R. 162, 177 (Bankr. S.D. Fla. 2002). Based on the foregoing factors and the extent to which they favor discretionary abstention, the Court finds it appropriate to abstain from adjudicating the Debtor's claims.

### *B. The Debtor Failed to Comply with Rule 8(a)'s Pleading Requirements*

For a complaint to state a claim for relief pursuant to Rule 8(a)[9] and thus survive a motion to dismiss under Rule 12(b)(6), factual allegations contained therein must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although the court must accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, "[t]hreadbare recitals of the elements of a cause of action,

---

[9] Under Rule 8(a)(2), made applicable herein by Fed.R.Bankr.P. 7008, a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in an effort to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

8

supported by mere conclusory statements, do not suffice." Id. If a plaintiff fails to "nudge [ ] their claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.[10]

With these pleading standards in mind, the Complaint falls short of plausibly demonstrating each of the named Movants' alleged liability. This is primarily due to the "shotgun pleading" nature of the Complaint itself. In reviewing a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings fail to achieve the purpose of Rule 8(a)'s pleading standards to provide defendants with "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Similarly, it follows that a shotgun pleading will also fail to meet the heightened pleading standards of Rule 9.

Shotgun pleadings typically take two (2) forms. In the first form, a party asserts that multiple parties committed certain acts without identifying *which* party engaged in *what* conduct specifically. In re Mortgages Ltd., 2013 WL 1336830, at *12 (Bankr. D. Ariz. March 29, 2013). With this form, the pleadings render it nearly impossible for the court to decipher *which* defendants committed *what* conduct. LaCroix v. W. Dist. of Ky., 627 Fed.App'x. 816, 819 (11th Cir. 2015). In the second form, the pleading incorporates and re-alleges every prior allegation by reference into each subsequent count, such that "[t]he result is that each count is replete with factual

---

[10] The Debtor also asserts various theories of fraud in the Complaint. Pursuant to Fed.R.Civ.P 9(b), applicable herein by Fed.R.Bankr.P. 7009(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The heightened pleading standard set forth in Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral or fraudulent behavior." Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation and citation omitted).

allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); In re Mortgages Ltd., 2013 WL 1336830, at *12.

The Complaint falls into both categories of shotgun pleadings.[11]  First, for every claim for relief, the Debtor either: (1) fails to identify which specific party allegedly committed the wrongful conduct; (2) merely accuses "defendants et al."; (3) references "Defendant" or "Defendants" without identifying to which particular defendant(s) the Debtor is referring; or (4) specifically identifies one party against whom she is asserting the claims, but then references "defendants et al." as committing the allegedly wrongful conduct.[12]  As a result, the Court is unable to ascertain "which particular defendant engaged in what allegedly wrongful conduct." LaCroix, 627 Fed.App'x. at 819.  Second, each claim for relief begins with a sentence re-alleging and incorporating all preceding paragraphs of the Complaint, thereby making it impossible for the Court to determine which *specific* allegations support each of the claims for relief.  Hence, the Debtor's improper use of incorporation clauses and failure to identify which parties committed what conduct renders the Complaint an impermissible shotgun pleading.

Although the Debtor is proceeding in this action *pro se*, that does not relieve her of the requirement of drafting a well-pleaded complaint.[13]  The Debtor's shotgun Complaint makes it

---

[11] The Complaint spans fifty three (53) pages, excluding one hundred sixty eight (168) pages of exhibits, and contains one hundred twenty one (121) numbered paragraphs with ten (10) separate counts.

[12] For example, in the second cause of action for fraud in the concealment, the Debtor notes in the heading preceding the body of this count that it is alleged against "Defendant Challenge Financial Investors Corp."  However, at paragraphs sixty five (65) and sixty seven (67), the Debtor states, "Defendants et al were aware of the misrepresentations and profited from them" and "Defendant et al, starting with Challenge Financial Investors Corp. is guilty of malice, fraud and/or oppression." (Complaint at 40).

[13] Although courts typically afford *pro se* plaintiffs more latitude with regard to pleading standards, "[e]ven a *pro se*

10

impossible for the Court and the Movants to discern which allegations are meant to support which claims and which allegations are brought against which parties.  Consequently, the Debtor has failed to state her claims in accordance with the pleading requirements discussed herein upon which the Court may grant relief consistent with Rule 12(b)(6).

## CONCLUSION

In sum, the Court concludes as follows: (1) this Court abstains from adjudicating the claims; and (2) to the extent this Court would not exercise discretionary abstention, the Court finds that the Complaint should be dismissed pursuant to Rule 12(b)(6) for the Debtor's failure to adhere to the notice pleading standards.

Accordingly, based on the foregoing, it is

**ORDERED** that the Motion to Dismiss be, and the same hereby is, **GRANTED**; and it is further

**ORDERED** that the Debtor's Complaint is hereby **DISMISSED**.

Each party shall bear their own costs.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Movants, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

litigant is required to comply with the rules of procedure." LaCroix, 627 Fed.App'x. at 818.  See also Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (noting that a "court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").